ELIZABETH G. HAYWOOD, Ex'x, v. ELIZABETH B. DAVES.

*Tenants in Common— Contribution— Costs.*

Plaintiff's testatrix and defendant, tenants in common of a fee in land, contracted in writing to convey the same to a third party. Prior to such contract, plaintiff's testatrix had made a will devising her share, which remained unrevoked at her death ; *Held,*

(1) That each tenant was bound as principal to convey her own individual share, and each was secondarily bound as surety for the performance of the other;

(2) That the surviving tenant was not liable to contribute to defraying the costs of a suit against the infant devisees of the tenant, deceased, to compel a performance of the contract to convey.

CONTROVERSY submitted without action under the Code, § 315, and heard at January Special Term, 1879, of WAKE Superior Court, before *Seymour, J.*

The plaintiff as executrix of Jane F. Haywood, seeks to recover of defendant the sum of $304.61 with interest, and the facts upon which the claim is based are as follows :

1. The defendant and the plaintiff's testatrix were tenants in common in fee simple of a parcel of land in the city of New York, the defendant being entitled to four-ninths, and the said testatrix to five-ninths. On the 5th of May, 1873, Jane F. Haywood made her last will and testament, whereby she devised three-twenty-eighths of her interest in the land to Allen G. Rogers, Sion H. Rogers, and Minnie B. Rogers, then and now infants, under the age of twenty-one years.

2. On the 9th of November, 1876, Mrs. Daves and Mrs. Haywood, through their agent in New York, contracted in writing with Margaret S. Boyd to sell and convey to her in fee the said land, and authorized their agent to employ legal advisers in making title. By the terms of the contract, Mrs. Boyd was to pay $5000 on the 9th of December, 1876, and she deposited $500 of said sum with said agent when the contract was signed, and on the same day the grantors were to make title.

3. On the 14th of November, 1876, Jane F. Haywood died, and on the 27th of the month the plaintiff qualified as executrix, and the will admitted to probate. Shortly after Mrs. Haywood's death, Mrs. Daves and all the adult heirs and devisees of the testatrix tendered and delivered a deed in fee to Mrs. Boyd for the land, conveying all their interest in the same. But Mrs. Boyd refused to pay the balance of purchase money, $4,500, because the legal title to a part thereof was by the will vested in the devisees, who were incapable in law of making title to the same.

4. Mrs. Boyd subsequently instituted an action in the supreme court of New York against said infant devisees to compel a specific performance on their part of said contract. Mrs. Daves was not a party to this action, nor were the adult heirs and devisees of Mrs. Haywood, nor her executrix. But a decree for specific performance was made as prayed for, and the said agent appointed special guardian of said infant devisees and ordered to make title and enter into bond with

surety conditioned to faithfully account for and apply the funds under the direction of the court. And upon the coming in of his report, it appearing that after deducting costs and charges he had the amounts due said infant devisees placed to their credit in pursuance of the former order, he was released from all liability as special guardian aforesaid. In pursuance of said decree $248.20 were retained out of the purchase money for plaintiff's costs; $191.13 for defendant's costs; and $246.05 appropriated to said infant devisees.

5. The said special guardian, who was the agent both of the plaintiff's testatrix and of the defendant in this case, accounted for only so much of said purchase money as remained after deducting the said three specified sums; and the defendant claims that in dividing said sum so received by said agent, the whole of the said three sums are to be charged against the five-ninths of the purchase money belonging to the plaintiff as executrix; while the plaintiff claims that only five-ninths of said three sums shall be charged against the five-ninths of the purchase money to be received by her.

His Honor gave judgment in favor of the plaintiff for the amount claimed by her, and the defendant appealed.

*Mr. E. G. Haywood,* for plaintiff.
*Mr. D. G. Fowle,* for defendant.

DILLARD, J. The contract of sale made with Mrs. Boyd was an obligation on the tenants in common, each to convey her individual share or interest in the land at the time appointed for payment of the purchase money; and the testatrix of the plaintiff and the defendant having both signed by agent a written memorandum of the contract, they were jointly bound for title to the vendee, one as much as the other, but *inter se,* each was bound as a principal to

convey her own undivided share, and each was secondarily bound as a surety for the performance of the other.

Mrs. Daves, as it appears from the case agreed, executed a deed to the purchaser conveying her four-ninths of the land, and the same was accepted as a performance of the contract to that extent. By force of this fact she was not then further bound than simply as a surety for the execution of title for the five-ninths of Jane F. Haywood by her during her lifetime, and by her heirs and devisees since her death.

In such situation of the parties in respect to each other no promise could be raised or implied by the law against Mrs. Daves to pay anything towards any costs and charges incurred by the heirs and devisees of Mrs. Haywood, or any of them, in specifically executing the contract of their ancestor, whether incurred through a suit in court or otherwise; for in that case the expenditure obviously would be on their own behalf and operate to exonerate Mrs. Daves from her suretyship as she had a right to demand.

2. Having seen, as above, that no recovery can be had, if Mrs. Daves be taken to occupy the relation of a surety to Mrs. Haywood in respect to the conveyance of her title, we will next inquire if the plaintiff can make a good cause of action under the doctrine of contribution.

This doctrine of the right to contribution rests on the idea of equality of burdens and benefits, and in order to establish such liability, it is necessary that the plaintiff show that the estate of her testatrix has borne singly a burden common to it and to Mrs. Daves; in other words, it must appear that the suit in New York, and the payments therein decreed made by the estate of Mrs. Haywood, removed an impediment to a complete title common to both sisters. Adams' Eq., 267 ; Freeman on Co-Tenancy, § 322.

According to the case agreed, the sisters were seized of several freehold estates undivided in the land contracted to

be conveyed, and Mrs. Daves having by satisfactory deed conveyed her four-ninths, the only impediment to the execution of a perfect title consisted in the incapacity of certain infant devisees, under Mrs. Haywood's will, to join with the adult heirs and devisees in a deed to Mrs. Boyd. This impediment grew out of an omission of the testatrix, after making a contract of sale to Mrs. Boyd, to revoke the devise to the infants, and in such case the burden of all the costs and deductions authorized by the decree of court in New York ought to fall on the estate of her through whose omission the necessity arose and whose duty it was to convey her interest.

It may be as was argued in this court that the decree pronounced in the New York court in a cause constituted against the infants, Allen Rogers, Sion H. Rogers and Minnie Rogers, without the joinder of a personal representative of Mrs. Haywood, was erroneous, if not irregular; and that the same might be reviewed and reversed, or modified. But if so, it being a decree concerning the execution in specie of Mrs. Haywood's contract with Mrs Boyd, it is the business of the plaintiff or some other in the interest of the estate to look after that matter, and no concern of Mrs. Daves.

In our opinion the plaintiff is not entitled to recover a proportionate part of the several sums mentioned in the case agreed, or either of them against the defendant.

There is error. The judgment of the court below is reversed, and it is adjudged in this court that the plaintiff take nothing, and that defendant have judgment for her costs in this behalf expended.

Error.                                        Reversed.